## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members; and ZACH HIL-LESHEIM, | Case No. _____ |
| *Plaintiffs*, | **COMPLAINT** |
| v. | **Injunctive Relief Sought** |
| TWIN TOWN BOWL, INC. | |
| *Defendant*. | |

Plaintiffs Disability Support Alliance and Zach Hillesheim, by and through the undersigned counsel, bring this action against Defendant Twin Town Bowl, Inc., a Minnesota business corporation, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, for violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A (the "MHRA"), and for the commission of a Bias Offense, Minn. Stat. § 611A.79, and allege as follows:

### INTRODUCTION

1.     Plaintiffs bring this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the bowling alley known as "Jerry Dutler's Bowl", even though such removal is readily achievable.

- 1 -

2.     The violations alleged in this complaint occurred at "Jerry Dutler's Bowl", located at 1247 Range St, Mankato, MN 56001.

3.     Defendant's failure to provide equal access to "Jerry Dutler's Bowl" violates the mandates of the ADA and the MHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.     Defendant's conduct constitutes an ongoing and continuous violation of the law.

5.     Accordingly, Plaintiffs seek a declaration that Defendant's facilities violate federal and state law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiffs further request that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA and MHRA.

## JURISDICTION AND VENUE

6.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court may exercise supplemental jurisdiction over Plaintiffs' nonfederal law causes of action, violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A, and the Minnesota Bias Offense statutes, Minn. Stat. Chapter 611A.79, because the claims asserted in this action arise from a common nu-

cleus of operative fact. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.     Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.     Plaintiff Disability Support Alliance is a Minnesota nonprofit corporation organized under Chapter 317A of the Minnesota Statutes. Each member of the Disability Support Alliance is a person with a disability who is recognized as a member of a protected class under federal and state law. The purpose of the Disability Support Alliance is to "eliminate discrimination on the basis of disability" and "promote the betterment of the lives of those living with disabilities." Disability Support Alliance's members have long been actively promoting the Disability Support Alliance's organizational mission in their individual capacities and are continuing their efforts through the Disability Support Alliance. Disability Support Alliance's members live in Minnesota.

9.     Plaintiff Zach Hillesheim is a resident of the city of Marshall, Minnesota. Plaintiff Hillesheim suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat. 363A.03, Subd. 12. Plaintiff is therefore a member of a protected class under the ADA, under the regu-

lations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq., and under the MHRA.

10.    Plaintiff Hillesheim was paralyzed as an infant while undergoing surgery to address a congenital heart defect. During the surgery his spine was severed, paralyzing him below the waist. Mr. Hillesheim cannot walk and uses a wheelchair for mobility. As a person with a disability, Mr. Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

11.    Defendant Twin Town Bowl, Inc. is a Minnesota business corporation with its principal place of business at 1247 Range St, Mankato, MN 56001. Defendant Twin Town Bowl, Inc. is the owner and operator of the real property and improvements which are the subject of this action, the bowling alley known as "Jerry Dutler's Bowl", a place of public accommodation within the meaning of the ADA and MHRA, located at the street address of 1247 Range St, Mankato, MN 56001.

## FACTUAL BACKGROUND

12.    On or around March 31, 2015, Plaintiff Hillesheim and other members of the Disability Support Alliance visited "Jerry Dutler's Bowl".

13.    Upon arrival, Plaintiff Hillesheim could not find an accessible parking space in the "Jerry Dutler's Bowl" parking lot, despite the lot having over one hundred eighty parking spaces.

14.    Plaintiff Hillesheim had difficulty using the bathrooms at "Jerry Dutler's Bowl", due to the lack of an accessible stall. The stall in the men's

- 4 -

restroom was small and lacked grab bars. The door opened inward, preventing a wheelchair user from closing the door once inside. A photograph of the toilet stall is shown in Exhibit A to this Complaint.

15.    Plaintiff Hillesheim also had difficulty in the bathroom due to the lack of knee clearance under the sink. A photograph of the restroom sink is shown in Exhibit B to this Complaint.

16.    Plaintiff Hillesheim has visited "Jerry Dutler's Bowl" on prior occasions. Plaintiff Hillesheim visited in 2013 for a birthday party and encountered the same lack of accessible parking. He travels to Mankato regularly to visit his family and take advantage of the amenities of a larger city.

17.    During his 2013 visit Plaintiff Hillesheim also used the bathroom at "Jerry Dutler's Bowl". During this visit, the toilet stall lacked grab bars, had a door that swung into the stall, and was of insufficient size to accommodate a wheelchair. As a result of the inaccessible features of the toilet stall, Plaintiff Hillesheim was unable to make a safe transfer to the toilet, and fell on the wet floor. He required help from two other birthday party attendees to climb back into his chair. Plaintiff Hillesheim complained to staff and management, but these accessibility issues continue to exist in 2015.

18.    In light of the architectural barriers at "Jerry Dutler's Bowl", Plaintiff Hillesheim and other members of the Disability Support Alliance are deterred from visiting "Jerry Dutler's Bowl" in the future. Plaintiff Hillesheim and other Disability Support Alliance members intend to return to "Jerry Dutler's Bowl" to patronize the facility, but these architectural barriers deter them from doing so. They plan to return and patronize "Jerry Dut-

ler's Bowl" when they learn that the premises have been made fully accessible to persons who use wheelchairs for mobility.

19.    Plaintiff Hillesheim attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA and MHRA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA and MHRA, Plaintiff Hillesheim and members of the Disability Support Alliance cannot independently access the facilities and/or are excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

20.    On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

   c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommoda-

tions, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

21.     Congress explicitly stated that the purpose of the ADA was to:

a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

22.     Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

23.     The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

25.     In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

26.    In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rule-making to update and revise the 1991 ADAAG.

27.    The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

28.    On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

29.    On June 17, 2008, the DOJ published a notice of proposed rule-making covering Title III of the ADA.

30.    The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

31.    Defendant has discriminated against Plaintiff Hillesheim and members of the Disability Support Alliance on the basis of their disabilities by failing to comply with the requirements of the ADA, the ADAAG, and the MHRA with regard to "Jerry Dutler's Bowl". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Jerry Dutler's Bowl" which limit the ability of persons in wheelchairs to access the fa-

cilities and/or to enjoy the goods, services, privileges, advantages and/or ac-
commodations offered therein on a full and equal basis, includes the follow-
ing:

    a.  "Jerry Dutler's Bowl" provides parking for its customers, but it
does not have any accessible parking spaces and associated ac-
cess aisles in its parking lot, in violation of ADAAG 4.1.2(5) and
4.6.

    b.  "Jerry Dutler's Bowl's" bathrooms lack toilet stalls that have
grab bars and standard dimensions, in violation of ADAAG
4.1.3(11), 4.22, and 4.17.3.

    c.  The sink in the "Jerry Dutler's Bowl" men's bathroom have sinks
has no knee clearance, in violation of ADAAG 4.19.2.

32.    The above listing is not to be considered all-inclusive of the barri-
ers and violations of the ADA and MHRA encountered by Plaintiffs or which
exist at "Jerry Dutler's Bowl."

33.    In order to fully remedy the discriminatory conditions, Plaintiffs
require an inspection of "Jerry Dutler's Bowl" in order to photograph and
measure all such barriers to access and violations of the ADA, ADAAG, and
MHRA.

34.    Compliance with the ADA standards, the ADAAG, and the
MHRA is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of archi-
tectural barriers is readily achievable. Compliance with the ADA standards,
the ADAAG, and the MHRA is readily achievable by Defendant due to the
lack of difficulty and low cost of remedying the above-listed barriers. Some of

the above-listed violations can be remedied through the same measures pre-scribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing grab bars in toilet stars and creating designated accessible parking spaces. 28 C.F.R. § 36.304(b).

35.     As a person with a disability, Plaintiff Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things of-fered therein. As an organization devoted to reducing discrimination against persons with disabilities, and whose members have been directly impacted by the discriminatory conditions at "Jerry Dutler's Bowl", Disability Support Al-liance has an interest in remediating the barriers at the subject premises.

36.     Without injunctive relief, Defendant's failure to remove accessi-bility barriers will continue to cause injury to Plaintiffs, who will continue to be deterred from patronizing the facility and will continue to be unable to in-dependently access "Jerry Dutler's Bowl" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of their rights under the ADA and MHRA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

37.     Plaintiffs incorporate and reallege the above paragraphs.

38.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

39.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

40.     Defendant has discriminated against Plaintiffs and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Hillesheim and Disability Support Alliance members have been denied full and equal access to "Jerry Dutler's Bowl" and/or have been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

41.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

42.     Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Hillesheim and other members of Disability Support Alliance, even though removing the barriers is readily achievable.

43.     Plaintiff Hillesheim and other members of Disability Support Alliance plan to visit "Jerry Dutler's Bowl" again in the near future. Plaintiffs are without adequate remedy at law, have suffered and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm upon their planned return visit to "Jerry Dutler's Bowl" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

44.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiffs injunctive relief, including an order requiring Defendant to make "Jerry Dutler's Bowl" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Jerry Dutler's Bowl" until such time as Defendant cures the access barriers.

45.     Plaintiffs have retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
## Violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A

46.     Plaintiffs incorporate and reallege the above paragraphs.

47.     Minn. Stat. 363A.11 provides:

It is an unfair discriminatory practice:

- 13 -

(1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of […] disability […]; or

(2) for a place of public accommodation not to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person.

48.    Under the general prohibitions established by the MHRA, Minn. Stat. 363A.11, Subd. 2, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

49.    Defendant has engaged in unfair discriminatory practices against Plaintiffs and others in that it has failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis. The acts herein constitute violations of the MHRA, 363A.11. Plaintiffs have been denied full and equal access to "Jerry Dutler's Bowl", and/or have been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations offered therein on a full and equal basis.

50.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the MHRA are ongoing.

51.    Defendant has failed to remove architectural barriers to full and equal access by Plaintiffs and other persons with disabilities, even though removing the architectural barriers is readily achievable.

52.     Plaintiff Hillesheim and other members of Disability Support Alliance are without adequate remedy at law, have suffered and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm upon their planned return visit to "Jerry Dutler's Bowl", unless and until Defendant is required to remove the physical barriers to access and MHRA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

53.     This Court has authority under Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3–4, to issue an order directing Defendant to cease and desist from its unfair discriminatory practices and to take affirmative action to make its facilities readily accessible to and independently usable by individuals with disabilities. The Court furthermore has authority under these statutory provisions of the MHRA to order Defendant to pay a civil penalty to the state.

54.     Plaintiffs have retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees from Defendant as part of the costs, pursuant to Minn. Stat. 363A.33, Subd. 7.

## THIRD CAUSE OF ACTION
### Civil Damages for Bias Offenses

55.     Plaintiffs incorporate and reallege the above paragraphs. Defendant has committed an unfair discriminatory act as set forth in section 363A.11 of the Minnesota Statutes.

56. Section 363A.30 of the Minnesota Statutes provides that any person who commits an unfair discriminatory act under section 363A.11 of the Minnesota Statutes shall be guilty of a misdemeanor.

57. Section 611A.79 of the Minnesota Statutes provides a person who is damaged by a bias offense has a civil cause of action against the person who committed the offense.

58. Defendant committed a bias offense against Plaintiffs by violating the MHRA's public accommodation provisions and by discriminating against Plaintiffs on the basis of their respective disabilities.

**WHEREFORE**, Plaintiffs respectfully request:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and that Defendant's conduct and/or inaction constitutes an unfair discriminatory practice under the MHRA.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3, enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by indi-

viduals with disabilities to the extent required by the ADA and the MHRA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court order Defendant to pay a civil penalty to the state pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A.29, Subd. 4.

d. That the Court award Plaintiffs damages, to be paid by Defendant pursuant to Minn. Stat. 363A.33, Subd. 6, Minn. Stat. 363A.29, Subd. 4 and Minn. Stat. 611A.79, Subd. 2.

e. That the Court award Plaintiffs their reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. 363A.33, Subd. 7, or as otherwise provided by law; and

f. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the MHRA.

DATED:  <u>May 20, 2015</u>

<div style="margin-left: 45%;">

<u>/s/ Paul Hansmeier</u>

Paul R. Hansmeier (MN Bar # 387795)

CLASS JUSTICE PLLC

100 South Fifth Street, Suite 1900

Minneapolis, MN 55402

E-mail: mail@classjustice.org

Phone: (612) 326-9801

</div>